Froessel, J. (concurring).
I agree that the testimony of the husband in this case was admissible. The communication of the wife could well have been found to have constituted cruel and inhuman treatment. I would reach this result, however, whether or not this particular communication were deemed confidential. As Judge Ftjld recognizes, section 349 of the Civil Practice Act ‘1 was never designed to forbid inquiry into the personal wrongs committed by one spouse against the other ”.
Such exception to the privilege existed at common law (8 Wigmore on Evidence, §§ 2239, 2338; McCormick on Evidence, § 88). It was created both because of the “ necessity ” of avoiding injustice to the excluded spouse [in matrimonial cases, such is often the only evidence such party has], and because of the realization that in such cases the reason for the privilege is absent (see 8 Wigmore on Evidence, § 2239). Our courts without question have repeatedly admitted such testimony in separation actions over these many years. It would astonish the Bench and Bar to hold that in such actions based on cruelty either spouse could seal the lips of the other as to communications directly involved in the issues presented. If that were the rule, one spouse might torture another in secrecy and with complete immunity, and courts would be powerless to intervene. Indeed, as Wigmore puts it, such a situation would work a “ cruel injustice ” (Vol. 8, § 2338, p. 653).
For the foregoing reasons I would affirm.